UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:26-cv-2197

VICENTE RAYMUNDO,
and other similarly-situated individuals,

     Plaintiff(s),

SIGNATURE DESIGN PAVING
CORPORATION OF FLORIDA GULF COAST,
and STEVEN J. TORNARI, individually,

     Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff, VICENTE RAYMUNDO, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants, SIGNATURE DESIGN PAVING CORPORATION OF FLORIDA GULF COAST and STEVEN J. TORNARI, individually, and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages and retaliation under laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff, VICENTE RAYMUNDO (hereinafter, "RAYMUNDO" or "Plaintiff"), is a resident of Lee County, Florida, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant, SIGNATURE DESIGN PAVING CORPORATION OF FLORIDA GULF COAST (hereinafter, "SIGNATURE DESIGN PAVING" or "Defendant"), is a Florida Profit Corporation. Defendant has a place of business in Lee County, within this Honorable Court's Jurisdiction. At all times material, Defendant SIGNATURE DESIGN PAVING was and is engaged in interstate commerce.

4. Individual Defendant, STEVEN J. TORNARI (hereinafter, "TORNARI"), was and is now the owner/partner/and manager of Defendant corporation SIGNATURE DESIGN PAVING. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint occurred in Lee County, Florida, within this Court's jurisdiction.

General Allegations

6. This cause of action is brought by Plaintiff RAYMUNDO as a collective action to recover from Defendants regular and overtime compensation, retaliatory discharge damages, liquidated damages, costs, and reasonable

attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly-situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after May of 2023, (the "material time") without being adequately compensated.

7. Defendant SIGNATURE DESIGN PAVING is a construction and paving contractor specializing in the installation of interlocking brick and stone pavers for commercial and residential hardscaping projects. Defendant SIGNATURE DESIGN PAVING operates in Lee County, Florida.

8. Defendant SIGNATURE DESIGN PAVING was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a construction and paving company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce; regularly and recurrently used the instrumentalities of interstate commerce; accepted and solicited funds from non-Florida sources; used electronic devices to authorize credit card transactions; ordered products and supplies produced out of State, etc. Upon information and belief, the annual gross revenue of the

Employer/Defendant was always material hereto more than $500,000.00 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. The plaintiff was a construction and paving employee who handled and worked with goods and materials moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

10. Defendants SIGNATURE DESIGN PAVING and TORNARI employed Plaintiff RAYMUNDO as a non-exempt, full-time construction and paving employee on two different time periods.  The first period of employment spanning from approximately March 1st, 2025 to September 1st, 2025, or 6 months; and the second period of employment spanning from January 1st, 2026 to April 1st, 2026, or 3 months.  The total relevant time period at issue under the FLSA consists of 39 weeks.

11. Plaintiff worked under the control of business owner TORNARI, as well as the supervision of company Supervisor Nathaniel Marcelino, at different projects.

12. During the relevant period, Plaintiff worked as a "Paver", performing duties involving the installation of pavers.  Plaintiff was paid a daily rate of $220.00 per day.

13. While employed by Defendants, Plaintiff worked regularly five days per week from Monday through Friday, from 7:00 AM to 5:00 PM (10 hours daily), or a total of 50 hours weekly.

14. Plaintiff was paid $1,100.00 weekly, which resulted in an hourly rate of $22.00 per hour. Accordingly, Plaintiff's overtime rate should have been $33.00, with a half-time rate of $11.00 per overtime hour.

15. However, the Plaintiff was paid the same amount regardless of the number of hours worked. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours at the applicable overtime rate, as required by law.

16. Plaintiff did not clock in and out, but Defendants controlled his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly-situated individuals were working.

17. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and one-half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

18. Plaintiff was paid in cash, and without paystubs providing accurate information such as the number of days and hours worked, wage rate, employee's taxes withheld, etc.

19. Plaintiff disagreed with the lack of payment for overtime hours at the applicable overtime rate, and he complained several times to management during the last weeks of his employment.

20. Additionally, during the last couple of weeks of March 2026, Plaintiff had not received his wages on payment day, and he complained once again to management about his unpaid overtime as well as the unpaid wages for the month of March.

21. Due to Plaintiff's complaints about unpaid regular and overtime wages, Defendants retaliated against Plaintiff by refusing to pay Plaintiff for his last 2 weeks of work, including overtime wages, and terminated Plaintiff's employment on or about April 1st, 2026.

22. At the time of his termination, Defendants refused to pay Plaintiff for his last 2 weeks of work.

23. Thus, a substantial number of hours were not compensated at any rate, not even the minimum wage rate established by the FLSA.

24. Therefore, Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

25. At times mentioned, individual Defendant TORNARI was the owner/partner/and manager of SIGNATURE DESIGN PAVING. Defendant TORNARI was the employer of Plaintiff and others similarly

situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in SIGNATURE DESIGN PAVING's interests concerning its employees, including Plaintiff and others similarly-situated. Defendant TORNARI had financial and operational control of the business, and determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

26. Plaintiff RAYMUNDO seeks to recover unpaid regular and overtime wages for every hour worked over 40 during his employment, retaliatory discharge damages, liquidated damages, attorney's fees and costs, and any other relief as allowable by law.

Collective Action Allegations

27. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

28. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly-situated individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

29. This action is intended to include every Paver, and any other similarly-situated individuals, who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

30. Plaintiff RAYMUNDO re-adopts every factual allegation stated in paragraphs 1-29 above as if set out in full herein.

31. This action is brought by Plaintiff RAYMUNDO and those similarly situated to recover from his Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

32. Defendants SIGNATURE DESIGN PAVING and TORNARI employed Plaintiff RAYMUNDO as a non-exempt, full-time construction and paving employee on two different time periods.  The first period of employment spanning from approximately March 1st, 2025 to September 1st, 2025, or 6

months; and the second period of employment spanning from January 1st, 2026 to April 1st, 2026, or 3 months. The total relevant time period at issue under the FLSA consists of 39 weeks.

33. Plaintiff worked under the control of business owner TORNARI, as well as the supervision of company Supervisor Nathaniel Marcelino, at different projects.

34. During the relevant period, Plaintiff worked as a "Paver", performing duties involving the installation of pavers. Plaintiff was paid a daily rate of $220.00 per day.

35. While employed by Defendants, Plaintiff worked regularly five days per week from Monday through Friday, from 7:00 AM to 5:00 PM (10 hours daily), or a total of 50 hours weekly.

36. Plaintiff was paid $1,100.00 weekly, which resulted in an hourly rate of $22.00 per hour. Accordingly, Plaintiff's overtime rate should have been $33.00, with a half-time rate of $11.00 per overtime hour.

37. However, the Plaintiff was paid the same amount regardless of the number of hours worked. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours at the applicable overtime rate, as required by law.

38. Plaintiff did not clock in and out, but Defendants controlled his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly-situated individuals were working.

39. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and one-half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

40. Plaintiff was paid in cash, and without paystubs providing accurate information such as the number of days and hours worked, wage rate, employee's taxes withheld, etc.

41. Plaintiff disagreed with the lack of payment for overtime hours at the applicable overtime rate, and he complained several times to management during the last weeks of his employment.

42. Additionally, during the last couple of weeks of March 2026, Plaintiff had not received his wages on payment day, and he complained once again to management about his unpaid overtime as well as the unpaid wages for the month of March.

43. Due to Plaintiff's complaints about unpaid regular and overtime wages, Defendants retaliated against Plaintiff by refusing to pay Plaintiff for his last

2 weeks of work, including overtime wages, and terminated Plaintiff's employment on or about April 1st, 2026.

44. At the time of his termination, Defendants refused to pay Plaintiff for his last 2 weeks of work.

45. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

46. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

47. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

48. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollection and his knowledge. Upon discovery, Plaintiff will amend his statement of claim if necessary.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Four-Thousand, Two-Hundred, Ninety Dollars & 00/100 ($4,290.00)

b. <u>Calculation of such wages</u>:

Total period of employment: approximately 9 months
Relevant weeks of employment: 39 weeks
Total number of hours worked: 50 hours weekly
Unpaid O/T hours at applicable OT rate: 10 hours
Paid: $220.00 daily x 5 days= $1,100.00 weekly ÷ 50 hours= $22.00
Hourly rate: $22.00 an hour x 1.5=$33.00 O/T
O/T rate: $33.00 an hour - $22.00 rate paid = $11.00 O/T difference
Half-time: $11.00 an hour

<u>1st Period of Employment – 26 weeks within the relevant time period</u>
$11.00 x 10 OT hours x 26 weeks = $2,860.00

<u>2nd Period of Employment – 13 weeks within the relevant time period</u>
$11.00 x 10 OT hours x 13 weeks = $1,430.00

**TOTAL: $2,860.00 + $1,430.00 = $4,290.00**

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid overtime wages at the half-time rate.[1]

49. The Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

all hours worked over forty hours (40) per workweek as provided in said Act.

50. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing to Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

51. Defendants SIGNATURE DESIGN PAVING and TORNARI willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

52. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

### Prayer for Relief

Wherefore, Plaintiff RAYMUNDO, and those similarly-situated, respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff RAYMUNDO and other similarly-situated

individuals and against the Defendants, SIGNATURE DESIGN PAVING and TORNARI, based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff RAYMUNDO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### Demand for a Jury Trial

Plaintiff RAYMUNDO demands a trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

53. Plaintiff RAYMUNDO re-adopts every factual allegation stated in paragraphs 1-29 of this Complaint as if set out in full herein.

54. Plaintiff brings this action to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and

reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

 (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

 (B) $6.55 an hour, beginning 12 months after that 60th day; and

 (C) $7.25 an hour, beginning 24 months after that 60th day.

55. Defendants SIGNATURE DESIGN PAVING and TORNARI employed Plaintiff RAYMUNDO as a non-exempt, full-time construction and paving employee on two different time periods. The first period of employment spanning from approximately March 1st, 2025 to September 1st, 2025, or 6 months; and the second period of employment spanning from January 1st, 2026 to April 1st, 2026, or 3 months. The total relevant time period at issue under the FLSA consists of 39 weeks.

56. Plaintiff worked under the control of business owner TORNARI, as well as the supervision of company Supervisor Nathaniel Marcelino, at different projects.

57. During the relevant period, Plaintiff worked as a "Paver", performing duties involving the installation of pavers.  Plaintiff was paid a daily rate of $220.00 per day.

58. While employed by Defendants, Plaintiff worked regularly five days per week from Monday through Friday, from 7:00 AM to 5:00 PM (10 hours daily), or a total of 50 hours weekly.

59. Plaintiff was paid $1,100.00 weekly, which resulted in an hourly rate of $22.00 per hour.  Accordingly, Plaintiff's overtime rate should have been $33.00, with a half-time rate of $11.00 per overtime hour.

60. However, the Plaintiff was paid the same amount regardless of the number of hours worked. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours at the applicable overtime rate, as required by law.

61. Plaintiff did not clock in and out, but Defendants controlled his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly-situated individuals were working.

62. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and one-half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

63. Plaintiff was paid in cash, and without paystubs providing accurate information such as the number of days and hours worked, wage rate, employee's taxes withheld, etc.

64. Plaintiff disagreed with the lack of payment for overtime hours at the applicable overtime rate, and he complained several times to management during the last weeks of his employment.

65. Additionally, during the last couple of weeks of March 2026, Plaintiff had not received his wages on payment day, and he complained once again to management about his unpaid overtime as well as the unpaid wages for the month of March.

66. Due to Plaintiff's complaints about unpaid regular and overtime wages, Defendants retaliated against Plaintiff by refusing to pay Plaintiff for his last 2 weeks of work, including overtime wages, and terminated Plaintiff's employment on or about April 1st, 2026.

67. At the time of his termination, Defendants refused to pay Plaintiff for his last 2 weeks of work**.**

68. Thus, a substantial number of hours were not paid at any rate, not even the minimum wage rate established by the FLSA.

69. Plaintiff did not clock in and out, but Defendants controlled his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

70. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

71. Plaintiff was paid in cash without paystubs providing accurate information such as the number of days and hours worked, wage rate, employee's taxes withheld, etc.

72. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals.

73. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

74. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.4.

75. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid wages</u>:

       Five-Hundred, Eighty Dollars and 00/100 ($580.00)

    b. <u>Calculation of such wages</u>:

       Total period of employment: approximately 9 months
       Total number of unpaid weeks: 2 weeks
       Total number of unpaid hours: 40 hours weekly
       Regular rate: $22.00 an hour
       Federal Minimum wage: $7.25

       **$7.25 x 40 hours=$290.00 weekly x 2 weeks= $580.00**

    c. <u>Nature of wages</u>:

       This amount represents regular unpaid wages at the federal minimum wage rate.[2]

76. Defendants SIGNATURE DESIGN PAVING and TORNARI unlawfully failed to pay Plaintiff minimum wages.

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

77. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remained owing Plaintiff these minimum wages.

78. Defendants SIGNATURE DESIGN PAVING and TORNARI willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

79. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 USC § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff RAYMUNDO respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants SIGNATURE DESIGN PAVING and TORNARI, based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff RAYMUNDO an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff RAYMUNDO and those similarly-situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION: RETALIATORY CONSTRUCTIVE DISCHARGE; AGAINST ALL DEFENDANTS

80. Plaintiff RAYMUNDO re-adopts every factual allegation stated in paragraphs 1-29 of this Complaint as if set out in full herein.

81. Defendant SIGNATURE DESIGN PAVING was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

82. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

83. 29 USC § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

84. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

85. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

86. Defendants SIGNATURE DESIGN PAVING and TORNARI employed Plaintiff RAYMUNDO as a non-exempt, full-time construction and paving employee on two different time periods. The first period of employment spanning from approximately March 1st, 2025 to September 1st, 2025, or 6 months; and the second period of employment spanning from January 1st, 2026 to April 1st, 2026, or 3 months. The total relevant time period at issue under the FLSA consists of 39 weeks.

87. Plaintiff worked under the control of business owner TORNARI, as well as the supervision of company Supervisor Nathaniel Marcelino, at different projects.

88. During the relevant period, Plaintiff worked as a "Paver", performing duties involving the installation of pavers. Plaintiff was paid a daily rate of $220.00 per day.

89. While employed by Defendants, Plaintiff worked regularly five days per week from Monday through Friday, from 7:00 AM to 5:00 PM (10 hours daily), or a total of 50 hours weekly.

90. Plaintiff was paid $1,100.00 weekly, which resulted in an hourly rate of $22.00 per hour. Accordingly, Plaintiff's overtime rate should have been $33.00, with a half-time rate of $11.00 per overtime hour.

91. However, the Plaintiff was paid the same amount regardless of the number of hours worked. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours at the applicable overtime rate, as required by law.

92. Plaintiff did not clock in and out, but Defendants controlled his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly-situated individuals were working.

93. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and one-half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

94. Plaintiff was paid in cash, and without paystubs providing accurate information such as the number of days and hours worked, wage rate, employee's taxes withheld, etc.

95. Plaintiff disagreed with the lack of payment for overtime hours at the applicable overtime rate, and he complained several times to management during the last weeks of his employment.

96. Additionally, during the last couple of weeks of March 2026, Plaintiff had not received his wages on payment day, and he complained once again to management about his unpaid overtime as well as the unpaid wages for the month of March.

97. Due to Plaintiff's complaints about unpaid regular and overtime wages, Defendants retaliated against Plaintiff by refusing to pay Plaintiff for his last 2 weeks of work, including overtime wages, and terminated Plaintiff's employment on or about April 1st,

98. At the time of his termination, Defendants refused to pay Plaintiff for his last 2 weeks of work.

99. As a direct and proximate result of Defendants' retaliatory discharge of Plaintiff, Plaintiff has suffered lost wages, emotional distress, and other damages.

100.    Plaintiff is entitled to all remedies available under the FLSA, including back pay, front pay, liquidated damages, attorneys' fees, and costs.

101.    At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than unlawful retaliatory employment practices to terminate Plaintiff's employment.

102.    There is close temporal proximity between Plaintiff's protected activity and his retaliatory discharge.

103.    As described above, the motivating factor that caused Plaintiff's discharge was his complaints seeking unpaid overtime and minimum wages from Defendants. In other words, Plaintiff would not have been fired but for his complaints about unpaid overtime and minimum wages.

104.    Defendants' discharge of Plaintiff was in direct violation of 29 USC 215 (a)(3), and as a direct result, Plaintiff has been damaged.

105.    Plaintiff RAYMUNDO has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff RAYMUNDO respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants SIGNATURE DESIGN PAVING and TORNARI that Plaintiff RAYMUNDO recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants SIGNATURE DESIGN PAVING and TORNARI to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff RAYMUNDO further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff RAYMUNDO demands a trial by a jury of all issues triable as a matter of right.

Dated: July 16th, 2026

Respectfully submitted,

By:  _/s/ Alexis Mena-Glasgow_
     **Alexis Mena-Glasgow**
     SIMPSON & MENA, P.A.
     Florida Bar No.: 117839
     2250 SW Third Avenue, Suite 501
     Miami, FL 33129
     Telephone: (305) 912-7665
     **alexis@simpsonmenalaw.com**
     *Attorney for Plaintiff*